# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARK BRADFORD,

      Plaintiff,

v.                                                                               No. CIV 12-0772 JB/WDS

STATE OF NEW MEXICO,
JOHN SUGG,
SCOTT PISTONE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed July 12, 2012 (Doc. 1)("Second Complaint"). Plaintiff Mark Bradford is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. The Court will waive the previously ordered initial partial filing fee payment and, for reasons set out below, will dismiss Bradford's Complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting McKinney v. Oklahoma Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing Bradford's pro se complaint, the Court applies the same legal standards applicable to

pleadings that counsel drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Second Complaint alleges that Defendant State of New Mexico mistakenly prosecuted Bradford based on a false name. Bradford further alleges that his attorney, Defendant Scott Pistone, and an assistant district attorney, Defendant John Sugg, forced him to enter into a guilty plea agreement that resulted in his conviction. He contends that the Defendants' actions violated his rights under the First, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. For relief, the Second Complaint asks the Court to order Bradford's release from confinement, and to allow him to sue his attorney and the State.

Bradford previously filed a nearly identical complaint in cause No. CIV 12-0419 RB/WPL. By order entered on June 8, 2012, the Honorable Robert C. Brack, United States District Court Judge, dismissed the earlier complaint without prejudice for failure to comply with statutory filing requirements. Bradford then filed a letter (No. CV 12-0419 RB/WPL, Doc. 8) seeking relief from the order of dismissal. In a further attempt to reinstate his claims, on July 12, 2012, he filed the Second Complaint in this action. The Second Complaint makes the same allegations and raises the same claims (plus a newly asserted reference to the Sixth Amendment) that Bradford asserted in the Complaint in the first case. A month later, on August 10, 2012, Judge Brack reopened the first case. On September 19, 2012, Judge Brack filed a Memorandum Opinion and Order dismissing the case without prejudice, because Bradford's 42 U.S.C. § 1983 claims failed to state a claim upon which the relief that he requested could be granted. See No. CV 12-0419 RB/WPL (Doc. 10)("Judge Brack's MOO"). Judge Brack stated that Bradford's "claims for release from custody must be brought in a habeus corpus petition." See Judge Brack's MOO at 2 (citing Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012)). Because Bradford brought his claim requesting to be

released from custody pursuant to § 1983 rather than in a habeus corpus petition, therefore, Judge Brack found that his claim was "not cognizable" and dismissed the claim "without prejudice to his right to pursue relief under the habeas corpus statutes." Judge Brack's MOO at 2. Judge Brack also concluded that Bradford's claim for damages based on an allegedly involuntary guilty plea failed to state a cognizable claim under § 1983, because "a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if a 'judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'" Judge Brack's MOO at 2-3 (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)). Because Bradford's complaint in Judge Brack's case did not allege that his plea or conviction had been set aside, Judge Brack dismissed the claim for damages without prejudice for failure to state a claim upon which relief could be granted under § 1983. See Judge Brack's MOO at 3. After Judge Brack dismissed these two claims, because there were no federal claims remaining, Judge Brack entered final judgment dismissing the case without prejudice. See Judgment, No. CV 12-0419 RB/WPL, filed September 19, 2012 (Doc. 11). It was not, however, until after Bradford filed the Second Complaint in this case on July 12, 2012, that Judge Brack dismissed the previous case on the merits.

On the record of Bradford's two cases, his Second Complaint in this case raises all the claims that he previously asserted in Judge Brack's case.

> Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.

Nwosun v. General Mills Restaurants, Inc., 124 F.3d 1255, 1257 (10th Cir. 1997). After the Court dismissed Bradford's initial Complaint for failure to comply with the filing requirements in 28 U.S.C. § 1915, he filed his Second Complaint in this action. The Second Complaint, therefore, was

not an attempt to reassert claims that had been adjudicated in Judge Brack's case; Bradford filed the Second Complaint only to start again and rectify his earlier filing errors in this case.

Nonetheless, because of the sequence of filings and dismissals, the Court has already dismissed the claims that Bradford raises in his Second Complaint. Additionally, with regard to the Sixth Amendment claim in the Second Complaint, Bradford's complaint in Judge Brack's case could have alleged a Sixth Amendment Claim. See Shaun Xin Xu v. McLaughlin Research Institute for Biomedical Sciences, Inc., 249 F.App'x 517, 517-18 (9th Cir. 2007)(unpublished)(holding that plaintiff's new Title VII claims in his second lawsuit, res judicata barred because he could have brought them in a prior state lawsuit); Reppert v. Marvin Lumber and Cedar Co., Inc., 359 F.3d 53, 58 (1st Cir. 2004)(holding that prior class action barred consumers claims against manufacturers, because they had adequate notice of the action and all of their claims could have been brought in the prior lawsuit); Kuhn v. Miller, 194 F.3d 1312 (Table), at *3 (6th Cir. 1999)("[R]es judicata still applies if the new claim or theory could have been brought originally."); Southmark Properties v. Charles House Corp., 742 F.2d 862, 869 (5th Cir. 1984)(applying res judicata to bar a claim that could have been raised as an objection in a previous bankruptcy proceeding). The Court will therefore dismiss Bradford's Second Complaint with prejudice as duplicative and facially barred as res judicata. The Court expresses no intention, however, to dismiss Bradford's underlying claims with prejudice. As Judge Brack noted in the order dismissing the earlier action, Bradford may assert his claims for release from custody under the habeas corpus statutes. See Palma-Salazar v. Davis, 677 F.3d at 1035 ("[A] prisoner who challenges the fact or duration of his confinement . . . must do so through an application for habeas corpus."). Furthermore, if Bradford successfully challenges his conviction, he may then pursue appropriate civil rights claims for damages. See Fottler v. United States, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may

then bring s§ 1983 action). The Court will dismiss Bradford's Complaint in this action with prejudice, though the dismissal is without prejudice to his right to pursue his previously asserted claims that the Court dismissed without prejudice. See Bradford v. Suggs, No. CIV 12-0419 RB/WPL, Doc. 10 (D.N.M. Sept. 19, 2012).

**IT IS ORDERED** that an initial partial filing fee payment is waived, Plaintiff Mark Bradford's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed July 12, 2012 (Doc. 1), is dismissed with prejudice, pending motions are denied as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Mark Bradford
Clayton, New Mexico

    *Plaintiff pro se*